```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                          MIAMI DIVISION
```

SHERRY LANG and LEIGH        :    CASE NO. 14-cv-61656-WPD
COCHRANE,                    :
                             :
       Plaintiffs,           :
                             :
vs.                          :
                             :
BEACH BARS USA, LLC,         :
AINTON YAARI, LIOR           :
AVIDOR & LOIS SMITH,         :
                             :        **1st AMENDED**
       Defendants.           :        **COMPLAINT**
_____/

1.   Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA"), on behalf of themselves and other similarly situated Bartenders, against Defendants (hereinafter collectively referred to as the "Employer") for minimum wage and overtime violations of the FLSA.

## A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS

2.   From 2011 through 2014, Plaintiffs worked for the Employer in Broward County, Florida in its Ft. Lauderdale bar known as Dirty Blondes in the position of a Bartender. Plaintiffs and the other Bartenders are covered employees for purposes of the FLSA based on them selling products (e.g. alcohol, sodas, etc.) that came from other states and/or countries and making credit card transactions every shift that they worked.

3. For Count I, Plaintiffs and the Bartenders have the following characteristics with respect to the minimum wage allegations:

   a.  The Employer pays Bartenders a reduced gross hourly wage pursuant to §3(m) of the FLSA;

   b.  Bartenders are required to share a percentage of their tips with non-tipped employees and/or employees who are not then working as tipped employees;

   c.  The Employer required that Bartenders perform non-tipped work, including training, stocking and classes, for free. Moreover, Plaintiffs and Bartenders work off the clock based on either the time keeping (i.e., POS system) not working and/or the Employer's management instructions to clock out or being clocked out by such managers;

   d.  The Employer requires that Plaintiffs and the Bartenders purchase and maintain work uniforms (e.g., a t-shirt with a logo) which reduce their hourly wage below the reduced minimum wage;

   e.  The Employer deducts walk-outs, breakage, food/drink errors, etc., from Plaintiffs and the Bartenders and also requires that they pay for parking (i.e., $5.00 to $20.00 per shift) which reduces their hourly wage below the reduced minimum wage;

   f.  The Employer takes illegal tip deductions from Plaintiffs and the Bartenders in violation of the FLSA;

   g.  The Employer failed to pay Plaintiffs and the Bartenders for all of their actual work time in violation of the FLSA; and

   h.  The Employer failed to account for all of Plaintiffs' and Bartenders' work hours to avoid having to pay them their hourly pay.

### B. THE EMPLOYER

4.  The Employer is subject to the FLSA and is a Florida corporation doing business in Broward County, Florida and within the jurisdiction of this Court with revenues in excess of $500,000.00 per annum. The Employer is, and at all times pertinent to this Complaint, was engaged in interstate commerce. Defendants AINTON YAARI, LIOR AVIDOR & LOIS SMITH are "joint employers" and/or "employers" of Plaintiff and the Bartenders based on their control over the terms and conditions of Plaintiff's and Bartenders' work and specifically the FLSA violations alleged at Counts I & II.

5.  The Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

### D. VENUE & JURISDICTION

6.  This action is brought by Plaintiffs and the Bartenders to recover from the Employer compensation for the Employer's minimum wage and overtime violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and

specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

7. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

8. By reason of their employment with the Employer, Plaintiffs and the Bartenders are/were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).  The work performed by Plaintiff and the Bartenders was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer.  Plaintiff and the Bartenders, by virtue of their job duties and functions as described above, were engaged in commerce.

9. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

<u>COUNT I</u>
<u>RECOVERY OF MINIMUM WAGE VIOLATIONS</u>
<u>AGAINST THE EMPLOYER</u>

10. Plaintiffs readopt and reallege all allegations contained in ¶¶ 1-9 above.

11. At all times material hereto, the Employer failed to comply with §3(m) of the Act, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 <u>et</u> <u>seq</u>. in that Plaintiffs and the

Bartenders actually received less than the applicable minimum wage per hour for the reasons alleged at ¶3 above which resulted in minimum wage violations.

12. As a result of the Employer's acts as described at ¶11 above, Plaintiffs' and the Bartenders' hourly wages were reduced below the applicable reduced minim wage and/or minimum wage in violation of the FLSA and/or the Employer violated the FLSA's minimum wage provisions.

13. Plaintiffs and the Bartenders are entitled to be paid at least the applicable reduced minimum wage while they are doing tipped work and no less than the minimum wage while they are doing non-tipped work. Furthermore, non-tipped employees are not entitled to share in any part of Plaintiffs' and the Bartenders' tips.

14. As a result of the Employer's acts as described above, Plaintiffs' and the Bartenders' hourly wages were below the applicable minimum wage and/or reduced minimum wage in violation of the FLSA and/or the Employer's actions resulted in minimum wage violations.

15. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of hourly wages to Plaintiffs and the Bartenders in accordance with the FLSA.

16. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiffs and the Bartenders have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA, repayment of all improperly shared tips, and reimbursement for all improper deductions. As a result of the Employer's willful disregard of the FLSA, Plaintiffs and the Bartenders are entitled to liquidated damages.

WHEREFORE, Plaintiffs and the Bartenders who have or will opt-in to this action demand judgment against the Employer for payment of all of their hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## COUNT II
## RECOVERY OF OVERTIME VIOLATIONS
## AGAINST THE EMPLOYER

17. Plaintiffs readopt and reallege all allegations contained in ¶¶ 1-9 above.

18. The Employer failed to pay for all and/or any of Plaintiffs' and the Bartenders' overtime hours in violation of the FLSA.

19. The Employer failed to account for any and/or all of Plaintiffs' and the Bartenders' work hours and/or reduced their recorded work hours to avoid having to pay overtime pay.

20. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages to Plaintiffs and Bartenders in accordance with the FLSA.

21. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiffs and the Bartenders have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA. As a result of the Employer's willful disregard of the FLSA, Plaintiffs and the Bartenders are entitled to liquidated damages.

WHEREFORE, Plaintiffs and the Bartenders who have or will opt-in to this action demand judgment against the Employer for payment of all of their overtime hours worked at the applicable overtime rate, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## JURY DEMAND

Plaintiffs demand trial by jury for Counts I-II.

Respectfully submitted,

McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiffs
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljmpalaw@netzero.com

s/ Lawrence J. McGuinness (814611)
E. ljmpalaw@netzero.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that: I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service in the manner specified, either via transmission of the Notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, this 8/11/14.

Respectfully submitted,

McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiffs
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljmpalaw@netzero.com

s/ Lawrence J. McGuinness (814611)
E. ljmpalaw@netzero.com

**Service List**

Steven L. Schwarzberg, Esq.
steve@schwazberglaw.com
777 S. Flagler Dr., Suite 1120E
W. Palm Beach, Fl 33401